**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4302**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

WILLIAM MARTINEZ SANTANA, a/k/a William Martinez, a/k/a
Hector Martinez-Guerrero,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:08-cr-00316-BO-1)

───────────

Submitted:  January 14, 2010        Decided:  January 20, 2010

───────────

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney, David
A. Bragdon, Anne M. Hayes, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Martinez Santana appeals his convictions for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006), contending that there was an insufficient factual basis for his guilty plea in light of Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009). Specifically, Santana contends that there is no evidence in the record showing his knowledge that the means of identification involved in his aggravated identity theft convictions belonged to actual people as required under § 1028A(a)(1). We affirm.

Federal Rule of Criminal Procedure 11(b)(3) requires that the district court satisfy itself that there is a factual basis for the plea prior to entering judgment. However, because Santana did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 526 (4th Cir. 2002). A district court may find the factual basis for the plea "from anything that appears on the record," and the court may defer its inquiry until sentencing. Id. at 531 (holding that court may satisfy factual basis requirement by examining presentence report).

Here, the presentence report states that Santana "stole the identity of actual people living in Puerto Rico." In addition, at the Rule 11 hearing, the Government proffered that

2

Santana told a confidential informant that he could obtain "authentic" social security cards, driver's licenses, and birth certificates from Puerto Rico. Next, at sentencing, the Government stated that "they were using real identities and real individuals in Puerto Rico." Further, these factual statements were corroborated by the circumstances of the crime: (1) the documents were ordered from and sent from Puerto Rico, (2) the price was inflated because the documents were of "exceptional quality," and (3) the documents did in fact use the identities of real individuals. Santana has not challenged the accuracy of these statements in district court or on appeal. We hold that this factual description, to which Santana did not object, was sufficient to establish a factual basis for the conclusion that Santana knew that the means of identification involved in his crimes belonged to actual people.

Accordingly, we affirm Santana's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED